817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vivian STAMM, Petitioner-Appellant,
v.
BENEFITS REVIEW BOARD; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent-Appellee.
 No. 86-3405.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1987.
 
 Before KEITH, KENNEDY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vivian Stamm ("claimant") filed a claim for federal black lung benefits on June 19, 1979 pursuant to the Black Lung Benefits Act, 30 U.S.C. is 901945 (1982). The Administrative Law Judge ("ALJ") invoked the rebuttable presumption of total disability due to pneumoconiosis arising out of coal mine employment. Nevertheless, the ALJ determined that the Director rebutted the presumption because it was established that claimant was capable of performing comparable and gainful work. Additionally, the ALJ determined that claimant was not entitled to benefits under 20 C.F.R. Part 410. The Benefits Review Board ("Board") affirmed, concluding that the ALJ's finding that claimant was capable of performing comparable and gainful work and that claimant did not have a significant pulmonary disease was supported by substantial evidence. Claimant appeals.
 
 
 2
 Claimant worked in the coal mining industry as an office clerk for the Youghiogheny and Ohio Coal Company from October, 1942 until January, 1966. On her application for benefits she stated that her duties consisted of "payroll work, weigh[ing] trucks and ... normal office work." She alleged that the office in which she worked was about 150 feet from the tipple where the coal trucks loaded, causing the office to be dirty with coal dust. After leaving her job with the coal company, claimant worked for the Baltimore and Ohio Railroad ("Railroad") from September, 1966 until October, 1982, when she was furloughed. She testified that she commenced working for the Railroad largely because of higher pay. She also testified that she worked a forty hour week for the Railroad and that her duties involved office work, and occasionally she operated a scale and weighed railroad cars. After claimant was furloughed, she stated that she worked briefly for the Railroad while another employee was on vacation. At her hearing, claimant also testified that she could probably still work for the Railroad, but that her former job with the coal company would be too physically stressful.
 
 
 3
 Claimant was examined by Dr. Kuziak. In his report which was submitted by claimant, Dr. Kuziak stated that claimant's "[v]ital capacity is severely reduced. The forced expiratory volumes are normal. Consistent with moderately severe restrictive defect." A blood gas study was performed on claimant. The values from this study exceeded those necessary to invoke the presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a)(3) (1986). In addition, the results of certain ventilatory studies administered by Dr. Kuziak were sufficient to invoke the presumption of disability due to pneumoconiosis under id. Sec. 727.203(a)(2). However, Dr. Kuziak's report noted the absence of symptoms normally associated with major pulmonary impairment such as edema, frequent coughing, and major exertional limitations. Based upon his examination of claimant, Dr. Kuziak diagnosed "[n]o clinical evidence for significant pulmonary disease."
 
 
 4
 The ALJ considered the claim under the interim presumption of total disability due to pneumoconiosis arising out of coal mine employment because the Director stipulated to greater than ten years of coal mine employment. Id. Sec. 727.203(a). The ALJ determined that the Director rebutted the presumption under section 727.203(b)(2)(b)(4) based on evidence that claimant was capable of performing gainful work comparable to her coal mine employment and on Dr. Kuziak's opinion that she exhibited "[n]o clinical evidence for significant pulmonary disease."[1]
 
 
 5
 The Board affirmed the ALJ's decision. It concluded that the ALJ's finding that the Director rebutted the section 727.203(a) presumption was supported by substantial evidence. Although the Board said it was unnecessary for the Director to establish that claimant could perform comparable and gainful work in order to establish rebuttal under section 727.203(b)(2), the Board did affirm the ALJ's decision based on this section. Furthermore, the Board stated that the ALJ, by crediting Dr. Kuziak's report that claimant had no significant pulmonary disease, correctly determined that claimant had no compensable disease or impairment that could cause total disability.
 
 
 6
 Claimant contends that the ALJ's conclusion that the presumption of disability was rebutted by the fact that she continued to work for the Railroad after her coal mine employment was not supported by substantial evidence. According to claimant, she was not required to operate weighing machines or lift record books when she worked for the Railroad as she did when she worked for the coal company. Thus, claimant contends that she was not employed in "comparable and gainful" work as defined in section 727.203(b)(2). The Director argues that substantial evidence exists to support the ALJ's conclusion that claimant was able to engage in comparable and gainful employment.
 
 
 7
 The finding that claimant was able to engage in "comparable and gainful work" is supported by substantial evidence. Claimant testified that she ceased employment with the Railroad in October, 1982 because she was furloughed, not for medical reasons. Claimant returned to work for four or five weeks in November and December, 1982 to fill in for an employee on vacation. Additionally, claimant testified at the hearing that she was physically capable of returning to her former job at the Railroad. Thus, she did not terminate her employment with the Railroad because of medical reasons.
 
 
 8
 Furthermore, claimant left her job with the coal mine because she could earn higher wages by working for the Railroad.[2] Thus, her employment with the Railroad was clearly "gainful." Similarly, the duties she performed at the two jobs were "comparable." While employed at the coal mine, claimant stated that she performed normal office work, did payroll, weighed trucks, and occasionally carried old record books from one room to another. Her duties at the Railroad included operating a scale to weigh railroad cars, computer, typewriter, and calculator. Although the duties differed in some respects, the jobs were comparable. Both were basic office clerical jobs. Thus, substantial evidence exists supporting the ALJ's conclusion that, considering claimant's age, education, and work experience, she is able to perform comparable and gainful work.
 
 
 9
 The decision of the Board is affirmed.
 
 
 
 [1]
 The ALJ also stated that claimant was not entitled to its under Subpart D Sec. 410.401-410.490
 
 
 [2]
 Claimant testified that she earned approximately $600 per month in 1966 while working for the coal company. She also testified that she earned $97.01 per day at the time she was furloughed from the Railroad